IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

PATRICK DUNN, *

PLAINTIFF, *

VS. * CASE NO: 1:17-cv-337-CG-N

GT PROPERTIES, LLC, and
LIVE BAIT, LLC, *

DEFENDANTS. *

**ANSWER OF DEFENDANTS LIVE BAIT, LLC AND GT PROPERTIES, LLC**

Subject to each of the defenses set out below, Defendants Live Bait, LLC and GT Properties, LLC ("Defendants") provide this Answer to Plaintiff's Complaint:

In response to the introductory paragraph, Defendants acknowledge that Plaintiff brings this case under the Americans with Disabilities Act (”ADA") seeking injunctive relief, but deny that Plaintiff is entitled to any relief, fees or costs.

**JURISDICTION, PARTIES AND ARTICLE III STANDING**

1. Defendants admit that this Court has federal question jurisdiction over ADA claims generally, but deny that Plaintiff has standing to pursue each of the claims in the Complaint. Moreover, Defendants deny that this Court has subject

matter jurisdiction over any of Plaintiff's claims as to which there is no case or controversy, or where the claims are moot, or are otherwise non-justiciable. To the extent not admitted herein, Defendants deny the allegations in this paragraph.

2. Defendants admit that as a general matter venue in this district is proper for claims under the ADA as against the Defendants located in Orange Beach, Alabama. To the extent not admitted herein, Defendants deny the allegations in this paragraph.

3. Defendants do not have sufficient knowledge or information to admit or deny Plaintiff's physical condition or capabilities and thus deny the same.

4. Defendants admit that GT Properties, LLC ("GT") leases real estate to Defendant Live Bait, LLC. The remainder of this paragraph contains legal conclusions and does not require a response.

5. Defendant Live Bait, LLC admits that it does business in Alabama and operates and leases the real property known as Live Bait in Orange Beach, Alabama. This paragraph's assertion of legal conclusions do not require a response. To the extent not admitted herein, Defendants deny the allegations in this paragraph.

6. Defendant Live Bait, LLC admits that it is located in Orange Beach, Alabama, which is within the venue of the Southern District of Alabama, but

denies the vague reference to the "events giving rise to this lawsuit." To the extent not admitted herein, Defendants deny the allegations in this paragraph.

7. Defendants do not have sufficient knowledge or information to admit or deny where Plaintiff lives or if he regularly visits Defendants. It is also unclear whether, if Plaintiff visited the location, he did so as a tester or potential litigant, seeking personal gain. Defendants assert that Plaintiff is a serial litigant or tester or potential litigant in other matters for the ADA Group. To the extent Plaintiff attempts to state a legal conclusion regarding the requirements of the ADA or its regulations, Defendants defer to the actual language in the statute and regulations. To the extent not expressly admitted here, Defendants deny the allegations in the remainder of this paragraph.

8. Defendants deny the allegations in this paragraph.

9. Defendants do not have sufficient information to admit or deny whether Plaintiff is disabled as a matter of law or, if so, the extent of his alleged disability. To the extent this paragraph contains legal conclusions, Defendants are not required to respond. Defendants deny the remainder of the allegations in this paragraph.

## II. PLAINTIFF'S CLAIMS

**ADA, Title III**

10. Defendants admit that Congress passed the ADA, but assert that further response is not required to this legal conclusion and recitation of statutes.

11. Defendants admit that Title III of the ADA generally applies to places of public accommodation. Defendants admit that they lease and operate the real estate known as Live Bait in Orange Beach, Alabama. However, Defendants are not required to respond to the allegations in this paragraph that contain legal conclusions and Defendants deny that this paragraph fully and completely describes the requirements of, and exceptions to, the ADA and thus deny the remainder of the allegations in this paragraph.

**COUNT ONE**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III**
**42 U.S.C. § 12182(B)(2)(A)(iv)**
**(*Architectural Barriers*)**

12. Defendants deny that Live Bait was originally constructed in 2003. Defendants admit that one of the two structures underwent electrical repairs in 2012, and that a second structure underwent remodeling in 2012, but otherwise deny the allegations of this paragraph.

13. This paragraph contains a recitation of Plaintiff's version of the law and cites to certain statutory provisions and regulations, the terms of which speak for themselves. This paragraph makes no allegations or statements about Defendants and thus do not require a response from Defendants; however,

Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

14. This paragraph contains a recitation of Plaintiff's version of the law and cites to certain statutory provisions and regulations, the terms of which speak for themselves. This paragraph makes no allegations or statements about Defendants and thus do not require a response from Defendants; however, Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

15. A response is not required to the legal conclusion in this paragraph.

16. Defendants deny the allegations in this paragraph.

17. Defendants deny the allegations in this paragraph.

18. Defendants are without sufficient information to admit or deny Plaintiff's "plans to return to the Live Bait restaurant in the future" and deny that Plaintiff can establish imminent future injury or harm or that Plaintiff has standing to bring this lawsuit.

**Architectural Barriers**

19. This paragraph cites to statutes, regulations or standards, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

20. Defendants deny the allegations in this introductory paragraph and in each of the subparts of paragraph 20 which refer or relate to a Defendant or its property insofar as the Complaint alleges such areas or items fail to meet the standards of the ADA.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. This paragraph states a legal conclusion and thus do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph and deny the alleged violations of the ADA.

**COUNT TWO**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III**
**42 U.S.C. § 12182(B)(2)(A)(ii)**
**(*Practices, procedures, and policies denying equal benefits)***

24. Defendants reassert and incorporate herein their responses and defenses to paragraph 1-23 as if fully set forth here.

25. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

26. This paragraph cites to statutory provisions, the terms of which speak for themselves and makes conclusions of law, to which a response is not required. To the extent a response is required, Defendants deny that the broad statements in

this paragraph fully and completely describe the ADA and exceptions thereto.

27. This paragraph cites to statutory provisions, the terms of which speak for themselves and makes conclusions of law, to which a response is not required. To the extent a response is required, Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

28. This paragraph cites to statutory provisions, the terms of which speak for themselves and makes conclusions of law, to which a response is not required. To the extent a response is required, Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

29. This paragraph cites to statutory provisions, the terms of which speak for themselves and makes conclusions of law, to which a response is not required. To the extent a response is required, Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

30. This paragraph cites to statutory provisions, the terms of which speak for themselves and makes conclusions of law, to which a response is not required. To the extent a response is required, Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

31. This paragraph cites to statutory provisions, the terms of which speak for themselves and makes conclusions of law, to which a response is not required. To the extent a response is required, Defendants deny that the broad statements in

this paragraph fully and completely describe the ADA and exceptions thereto.

32. This paragraph makes conclusions of law, to which a response is not required. To the extent a response is required, Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

33. Defendants deny the allegations in this paragraph.

34. Defendants deny the allegations in this paragraph and deny that the allegations state a claim upon which relief can be granted.

35. Defendants deny the allegations in this paragraph 35 and each of its subparts (a)-(k) and asserts that some of the allegations fail to state a claim upon which relief can be granted.

36. Defendants deny the allegations in this paragraph and deny that the allegations state a claim upon which relief can be granted.

37. Defendants deny the allegations in this paragraph and deny that the allegations state a claim upon which relief can be granted.

38. Defendants deny the allegations in this paragraph and deny that the allegations state a claim upon which relief can be granted.

39. Defendants deny the allegations in this paragraph and deny that the allegations state a claim upon which relief can be granted.

40. Defendants deny the allegations in this paragraph and deny that the

allegations state a claim upon which relief can be granted.

41. Defendants deny the allegations in this paragraph and deny that the allegations state a claim upon which relief can be granted.

42. Defendants deny the allegations in this paragraph, with the exception of the allegation that they operate or lease the real property Live Bait restaurant is located from GT. Defendants further deny that the allegations in this paragraph state a claim upon which relief can be granted.

43. Defendants deny the allegations in this paragraph, with the exception of the allegation that they operate or leases the real property on which Live Bait restaurant is located from GT. Defendants further deny that the allegations state a claim upon which relief can be granted.

44. This paragraph states legal conclusions and do not require a response. To the extent a response is required, Defendants deny the allegations in this paragraph and deny that it has violated the ADA.

46. Defendants deny the allegations in this paragraph.

47. Defendants deny the alleged violations of the ADA and thus deny the allegations in this paragraph.

**COUNT THREE**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**
***Denial of Full and Equal Enjoyment***

48. Defendants reassert and incorporate herein their responses and

defenses to paragraphs 1-47 as if fully set out here.

49. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

50. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

51. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

52. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

53. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

54. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

55. This paragraph cites to a statutory provision, the terms of which speak

for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto and deny the alleged violations of the ADA asserted in this paragraph.

56. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

57. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto and deny that Plaintiff properly states the requirements of the law in this paragraph.

58. This paragraph cites to a statement in a court decision, the terms of which speak for themselves. Defendants deny the allegations in this paragraph. Defendants further deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

59. Defendants deny the allegations in this paragraph as they relate or refer to Defendants and upon information and belief also deny the remaining allegations.

60. This paragraph cites to the preamble to a regulation, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

61. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

62. This paragraph cites to generalized statements in a bill and a case, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto and deny the alleged violations of the ADA.

63. Defendants deny the allegations in this paragraph.

64. Defendants deny the allegations in this paragraph.

65. Defendants deny the allegations in this paragraph.

66. Defendants deny the allegations in this paragraph.

67. Defendants acknowledge that this Court has the power to grant injunctive relief, but deny that injunctive relief is appropriate or warranted here.

## COUNT FOUR
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
## 42 U.S.C. § 12183(a)(1)
**(*Failure to design and construct facility for ADA compliance)***

68. Defendants reassert and incorporate their responses and defenses to paragraphs 1-67 as if fully set out here.

69. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

70. This paragraph cites to a statutory provision and regulation, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

71. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

72. This paragraph cites to a statutory provision, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

73. This paragraph cites to a statutory provision and regulation, the terms of which speak for themselves. Defendants deny that the broad statements in this paragraph fully and completely describe the ADA and exceptions thereto.

74. Defendants admit that GT Properties, LLC leases the location at issue, and that the locations were built in or after 1993, but but deny the remaining allegations of this paragraph.

75. Defendants admit that Live Bait, LLC operates the locations at issue but deny the remaining allegations of this paragraph.

76. Defendants deny the allegations in this paragraph insofar as it alleges non-compliance with the standards of the ADA.

77. Defendants deny the allegations in this paragraph.

78. Defendants deny the allegations in this paragraph.

79. Defendants deny the allegations in this paragraph.

80. Defendants acknowledges that this Court has the power to grant injunctive relief, but deny that injunctive relief is appropriate or warranted here.

81. In response to the unnumbered "Prayer for Relief" following paragraph 80 of the Complaint, including subparts 1-8 thereof, Defendants deny that Plaintiff is entitled to any relief, award or recovery in this lawsuit.

82. To the extent not expressly admitted herein, Defendants deny each and every material allegation in Plaintiff's Complaint.

**DEFENSES**

Defendants assert the following affirmative defenses to the Complaint, but assume the burden of proof on any such defenses only if required by applicable law with respect to the particular defense asserted. Defendants further reserve the right to assert additional defenses and/or otherwise to supplement.

**FIRST DEFENSE**

Plaintiff does not have standing to bring this lawsuit and/or assert one or more of the claims alleged in this lawsuit. Plaintiff also failed to provide pre-suit

notice of any alleged violations of the ADA or the alleged need for modifications or barrier removal.

**SECOND DEFENSE**

Plaintiff's lawsuit is moot or will be moot.

**THIRD DEFENSE**

There is no case or controversy as to many of Plaintiff's claims and thus this Court do not have subject matter jurisdiction over such claims.

**FOURTH DEFENSE**

Defendants's facilities and services are accessible to the extent required by law and otherwise in compliance with the requirements of Title III of the Americans with Disabilities Act ("ADA").

**FIFTH DEFENSE**

Even if this Court were to find that Defendants is not fully in compliance with the ADA, the changes which Plaintiff seeks are not necessary to make the facilities or services readily accessible and are not reasonable modifications or accommodations because they would fundamentally alter the services, programs or activities of the subject location(s), are not readily achievable or easily accomplished, and/or would be unduly burdensome.

**SIXTH DEFENSE**

Defendants asserts that they are not subject to regulations or standards which relate only to facilities constructed after the facilities were completed.

**SEVENTH DEFENSE**

Defendants did not exclude, deny service to, segregate or otherwise treat Plaintiff differently from other individuals on account of an alleged disability. Plaintiff has not established that he has a disability covered by Title III of the ADA or that, if he has a disability, that it entitles him to the relief requested.

**EIGHTH DEFENSE**

Plaintiff cannot establish an injury in fact or future injury based on the allegations in the Complaint.

**NINTH DEFENSE**

Plaintiff cannot establish that he reasonably desired access to the facilities or services provided by Defendants, nor can he establish he was denied access to Defendants's property, or that he desires access to, or will be denied access to Defendants's property or services in the future.

**TENTH DEFENSE**

Without acknowledging any requirement to do so, if applicable, Defendants have made or will make reasonable modifications in policies, practices or

procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to disabled individuals.

**ELEVENTH DEFENSE**

To the extent applicable, Defendants assert the statutes of limitation and statute of repose.

**TWELFTH DEFENSE**

Plaintiff's Complaint or portions thereof, fails to state a claim upon which relief can be granted.

**THIRTEENTH DEFENSE**

Defendants asserts good faith.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to a jury trial on the claims alleged in her Complaint.

**FIFTEENTH DEFENSE**

Where applicable, Defendants have made and/or will make its goods and/or services available through alternative methods.

**SIXTEENTH DEFENSE**

Where applicable, Defendants have provided and will provide equivalent facilitation for its goods and services.

**SEVENTEENTH DEFENSE**

Plaintiff has unclean hands.

## EIGHTEENTH DEFENSE

Defendants pleads all available defenses under the Americans with Disabilities Act.

## NINETEENTH DEFENSE

The prerequisites for injunctive relief are not present.

## TWENTIETH DEFENSE

Plaintiff is not entitled to any attorney fees or costs for his allegations in this case.

## TWENTY-FIRST DEFENSE

Some of the items raised in the complaint, if subject to the ADA, are subject to exceptions under the ADA by virtue of their character, placement, design or construction.

WHEREFORE, Defendants demand judgment in their favor and their attorney's fees, costs and expenses of this action.

Respectfully submitted,

/s/ H. Spence Morano
H. Spence Morano ASB-0614-H52M
LEAK, DOUGLAS & MORANO, P .C.
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone: 205.977.7099
Fax: 205.977.7167
Email: smorano@leakdouglas.com

*Attorney for Defendantss Live Bait LLC and GT Properties, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2017, a copy of the foregoing pleading and Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt to the parties at the addresses listed below.

/s/ H. Spence Morano
OF COUNSEL

cc:
Cassie E. Taylor, Esq.
L. Landis Sexton, Esq.
Tracy G. Birdsong, Esq.
The ADA Group LLC
4001 Carmichael Road, Suite 570
PO Box 6429
Montgomery, AL 36106
CET@ADA-Firm.com
LLS@ADA-Firm.com
TGB@ADA-Firm.com
*Attorneys for Plaintiff*